IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL CRUMPTON, | : |
| Petitioner, | : |
| VS. | :     7 : 12-CV-115 (HL) |
| RONELL KROMKO, | : |
| Respondent. | : |

**ORDER AND RECOMMENDATION**

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 Lowndes County conviction for simple assault and criminal damage to property. (Doc. 1). Presently pending in this action are Petitioner's Motions for Injunctive Relief. (Docs. 5, 6). It appears Petitioner is requesting: (1) that his probation proceedings be halted; (2) that the Honorable John K. Edwards, Jr., state court judge, not be allowed to preside over state court cases until it is decided if he has violated the rules of conduct; and (3) that the Court order production of documents.

*Stay of Proceedings (Doc. 5)*

Petitioner is moving for the Court to "halt all the probation proceeding until the Court decide (sic) the probation sentence of 5-6-2012 has not expired." Initially, the Court notes that it is not clear exactly what Petitioner is requesting in this Motion. The Court interprets the Motion to be a request for Petitioner's sentence of probation to be stayed until the completion of any state court proceedings. Under 28 U.S.C. § 2251,

> [a] justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

To grant a stay, Petitioner must show (1) the likelihood of success on the merits and of irreparable injury if the stay is not granted; (2) that the stay would not substantially harm other parties; and (3) that granting the stay would serve the public interest.  *Bundy v. Wainwright*, 808 F.2d 1410, 1421 (11th Cir. 1987); *see also Upshaw v. Alabama*, 2009 WL 2905597 (M.D. Ala. Sept. 4, 2009).

Herein, Petitioner has not demonstrated a likelihood of success on the merits of his habeas case.  Petitioner has made cursory allegations in his Petition that his sentence is void, that the required restitution is not valid, and that Ronell Kromko did not meet the standards of O.C.G.A. 42-8-26.  Petitioner has not provided any evidence in support of his Motion to stay his sentence, and there is no evidence before this Court that demonstrates Petitioner will succeed on the merits of this case.

Furthermore, Petitioner has not demonstrated a compelling reason to stay his sentence, such as being subject to the implementation of a death sentence.  Petitioner was sentenced to probation.  Additionally, there is no evidence that staying Petitioner's probation would not substantially harm other parties or would serve a public interest.

Accordingly, it is the recommendation of the undersigned that Petitioner's Motion requesting that his probation proceedings be halted be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*State Employee*

Petitioner also requests that the Court "not allow [Judge Edwards] to preside over" any state court cases until it is determined if Judge Edwards violated certain rules.  (Doc. 6).  Petitioner has provided no information to support his allegation that Judge Edwards violated any rules.  Thus, it is

the recommendation of the undersigned that Petitioner's request that the Court order Judge Edwards not to preside over any cases be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Discovery Request*

Petitioner has also requested that the Court order Judge Edwards and Ronell Kromko to produce records such as attorney vouchers. (Docs. 5, 6).  Petitioner appears to be attempting to use the discovery process to compel Judge Edwards and Ronell Kromko to produce documents to Petitioner. On August 23, 2012, it was ordered that "[n]o discovery shall be commenced by either party without the express permission of the Court."  (Doc. 4).  Petitioner has not been given permission by the Court to conduct discovery.  Thus, Petitioner=s request for the production of documents is **DENIED.**

**SO ORDERED AND RECOMMENDED**, this 2nd day of November, 2012.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf