IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL CRUMPTON, : | |
| Petitioner, : | |
| VS. : | 7 : 12-CV-115 (HL) |
| Probation Officer RONELL KROMKO, : | |
| Respondent. : | |

**ORDER and RECOMMENDATION**

Presently pending in this § 2254 action is the Respondent=s Motion to Dismiss the Petition as untimely and unexhausted. (Doc. 11). The Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (AAEDPA@). The Petition was filed on August 22, 2012. (Doc. 1).

The Petitioner pled guilty to criminal trespass and simple assault in the Superior Court of Lowndes County on May 6, 2010. (Doc. 1). Petitioner was sentenced to twenty-four months, two (2) days to be served in confinement followed by the remainder served on probation. *Id.* Petitioner did not appeal his convictions and has not filed a state habeas petition.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 *et seq*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a

habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection."  2244 (d)(2).   When this one-year statute of limitation is applied to the facts herein it is clear that the Petitioner failed to file this federal habeas petition in a timely manner.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the Petitioner. Following his May 6, 2010 convictions, the Petitioner did not file a direct appeal, nor did he file a state habeas petition collaterally attacking his convictions.  His convictions became final on or about June 6, 2010, the date on which the 30-day period for filing a notice of appeal expired. Pursuant to 28 U.S.C. § 2244(d), the Petitioner had one year from June 6, 2010, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.   The Petitioner did not file a state habeas petition, and did not file this federal petition in a timely manner, waiting until August 2012 to file this federal petition.

Additionally, the Petitioner, who was notified of Respondent's Motion to Dismiss, has not established the basis for equitable tolling of the time limitation.  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999).   Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief.   Finally, the Petitioner has not set forth any probative evidence of actual innocence.  A claim of actual

innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

The Court also finds that the Petitioner's claims are unexhausted, as habeas claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

Inasmuch as this federal habeas petition was untimely filed and is unexhausted, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

Petitioner's Motion to Amend (Doc. 15), filed after the Respondent filed a Motion to Dismiss and wherein the Petitioner seeks to add another Respondent, is **DENIED** as moot.

**SO ORDERED and RECOMMENDED**, this 28th day of May, 2013.

*s/ THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb